# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5645 | **DATE** | OCTOBER 29, 2001 |
| **CASE TITLE** | MICHAEL CROWDER v. LARRY MASSANARI, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [14] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 3 0 2001 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | OCTOBER 29, 2001 date mailed notice | |
| cw | courtroom deputy's initials | 01 OCT 29 PM 5: 25 Date/time received in central Clerk's Office | MQM mailing initials | |

MICHAEL CROWDER,)
)
Plaintiff,)
)
v.) No. 00 C 5645
)
LARRY G. MASSANARI, Acting)
Commissioner of Social)
Security,)
)
Defendant.)

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Crowder applied for supplemental security income disability benefits ("SSI"), claiming to be disabled by migraine headaches. An Administrative Law Judge ("ALJ") determined plaintiff was not entitled to benefits. Plaintiff sought review in this court and the case was remanded for further administrative proceedings. See Crowder v. Massanari, 2001 WL 649529 (N.D. Ill. June 8, 2001). Presently pending is plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412.

Under the EAJA, a party that prevails against the government will be awarded fees "unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" does not mean "'justified to a high degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In the present context, position of the United States refers both to the position taken in this court and the position taken during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D); United States v. Hallmark Construction Co., 200 F.3d 1076, 1080-81 (7th Cir. 2000); Smith v. Apfel, 2001 WL 199505 *1 (N.D. Ill. Feb. 28, 2001). The burden is on the government to establish that its position was substantially justified. Hallmark, 200 F.3d at 1079.

This case involved a close question of whether it should be remanded for further proceedings. It was a question of the ALJ being insufficiently clear as to whether he took certain evidence into account or made certain determinations, not a question of there being a lack of substantial evidence to support a finding of not disabled. The ALJ failed to make clear whether he took into account that the plaintiff had some headache symptoms that affected plaintiff's ability to work and whether

he ignored that plaintiff did not have financial access to medical care in drawing an inference from lack of medical appointments. See Crowder, 2001 WL 649529 at *5. It was not unreasonable for the Commissioner to argue that the ALJ's findings were adequate and supported by substantial evidence. It cannot be found that the government's position before this court was not substantially justified. Cf. Herron v. Sullivan, 1995 WL 243340 *2 (N.D. Ill. April 24, 1995), aff'd by unpublished order, Herron v. Charter, 92 F.3d 1187 (7th Cir. 1996). Instead, plaintiff's primary argument is that the ALJ's position in the administrative proceedings was not substantially justified.

The failure of an ALJ to adequately articulate the reasons for a benefits decision does not automatically mean that the ALJ's position was not substantially justified. Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992); Hill v. Apfel, 2001 WL 127649 *3 (N.D. Ill. Feb. 14, 2001). In the present case, the remand left it to the ALJ to decide whether to further articulate his position based on the evidence of record or whether to consider additional evidence, including possible further testimony of plaintiff or the advice of a medical expert. See Crowder, 2001 WL 649529 at *6. It was not held that the ALJ so ignored the available evidence that substantial evidence could not support the determination reached by the ALJ. It is not found that the ALJ's determination was so lacking in support that

it was not substantially justified.  Cf. Stein, 966 F.2d at 320; Hill, 2001 WL 127649 at *3-4; Herron, 1995 WL 243340 at *2.

IT IS THEREFORE ORDERED that plaintiff's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [14] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 29, 2001